IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABIODUN SOWEMIMO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 01-CV-255-DRH |
| ) | |
| ROGER COWAN, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for default judgment (Doc. No. 89). Defendant Nesbitt defaulted on plaintiff's § 1983 claim regarding the conditions of confinement at Menard Correctional Center. Plaintiff claims that Nesbitt failed to protect him from hostile inmates in 2000 and 2001 when he requested protective custody. Plaintiff also alleges that Nesbitt retaliated against him by assigning him to general population. He seeks unspecified damages for physical injuries and emotional trauma, costs and reasonable attorney's fees.

While the factual allegations relating to Nesbitt's liability are taken as true, allegations regarding the damages suffered must ordinarily be supported through documents and testimony. *United States v. Di Mucci*, 879 F2d 1488, 1497 (7th Cir. 1989).

In May, 2000, plaintiff requested protective custody because he was afraid that he would be assaulted and injured by inmate gang members if he remained housed with the prison's general inmate population. He was moved to the North Cell House pending a decision on his request for protective custody. While confined in protective custody, unidentified individuals entered his cell and attempted to choke him. On approximately May 23, 2000, defendant Nesbitt prepared a packet of information regarding plaintiff's request and voted against plaintiff's request for protective custody. At that time, plaintiff's request for protective custody was denied by committee vote.

In July, 2000, plaintiff suffered physical injuries at Menard Correctional Center after an unidentified person pushed him and caused him to fall face-first down a flight of stairs. Plaintiff temporarily lost consciousness. He suffered painful bumps on his head and soreness in his knee and ankle, resulting in a limp.

On February 13, 2001, defendant Nesbitt voted to approve plaintiff's subsequent request for protective custody. While plaintiff was assigned to the prison's protective custody unit, he suffered additional physical injuries after an unknown assailant beat him and stabbed him with a sharp object. Medical personnel cleaned plaintiff's wounds and administered a shot.

Plaintiff did not present persuasive evidence linking his injuries to defendant Nesbitt's unconstitutional conduct of voting against plaintiff's May, 2000, request for protective custody. Prisons are dangerous places and it is a common occurrence for inmates to assault and injure each other at Menard Correctional Center. No facts demonstrate that Nesbitt's committee vote influenced those who assaulted plaintiff. In fact, some of plaintiff's injuries were suffered while he was confined to the protective custody unit. Accordingly, only nominal damages should be awarded.

With respect to plaintiff's request for reasonable attorney's fees, the partial success against defendant Nesbitt makes plaintiff eligible for a discretionary award of attorney's fees. 42 U.S.C. § 1988(b). Because plaintiff did not accomplish the primary purpose of this litigation, the Court should decline to exercise it's discretion to award fees.

IT IS RECOMMENDED that plaintiff's motion for default judgment (Doc. No. 89) be GRANTED. Nominal damages in the sum of $1.00 should be awarded to the plaintiff and against defendant Nesbitt.

SUBMITTED:   October 18, 2005  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**