IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ABIODUN SOWEMIMO,**

**Plaintiff,**

**v.**

**ROGER COWAN, EUGENE
McADORY, GARY A. KNOP,
NANCY S. TUCKER, DONALD
SNYDER, JOE HARPER,
MICHAEL L. NESBITT, MR. ALISON,
D. HASEMYER, CAPTAIN STANLEY,
and C/O WHITTENBURG[1],**

**Defendants.**                                        **No. 01-CV-0255-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Procedural Background

On April 24, 2001, Abiodun Sowemimo, an inmate within the Illinois Department of Corrections ("IDOC"), filed suit against the Defendants alleging violations of his civil rights pursuant to **42 U.S.C. § 1983** (Doc. 1). Defendants are employed in various positions with the IDOC. Sowemimo alleges that his First and Eighth Amendment rights were violated on various occasions at the Menard Correctional Center ("Menard") during the years 2000 and 2001. He maintains that

---

[1]As stated in the Court's previous Order, the record contains a discrepancy as to the correct name of Defendant Whittenburg. The pleadings filed by Defendant use "Whittenburg." The Court assumes that this is the correct name and uses it throughout this Order.

Defendants deliberately exposed him to inmate violence or responded to the threat of inmate violence with deliberate indifference by denying him placement in protective custody. He also claims that Defendants have retaliated against him for a prior litigation.

On September 23, 2002, the Court conducted a preliminary review of Plaintiff's complaint (Doc. 12). The Court divided Plaintiff's claims into two counts: Eighth Amendment claims and First Amendment retaliation claims. On March 8, 2004, the Court adopted a Report and Recommendation submitted by Judge Frazier and granted Snyder and Knop's motions for summary judgment (Doc. 48). Thereafter, the Clerk of the Court issued a *default entry* as to Michael Nesbitt (Doc. 53). On April 14, 2004, Judge Frazier denied Nesbitt's motion to vacate entry of default (Doc. 58).[2] Subsequently on May 25, 2004, the Court denied Nesbitt's objection to Judge Frazier's April 14, 2004 Order (Doc. 61).

Thereafter, this case was referred to Magistrate Judge Philip M. Frazier for an evidentiary hearing. Judge Frazier conducted the hearing on May 2, 2005. At the hearing, Plaintiff was represented by court appointed counsel, Michael McDonald. During the hearing, the parties presented evidence through exhibits and witnesses. On June 23, 2005, Judge Frazier entered a Report and Recommendation recommending that the Court enter verdicts and judgments in favor of each Defendant and against Plaintiff on his Eighth and First Amendment claims (Doc. 82).

---

[2]In denying Nesbitt's motion to vacate the Clerk's entry of default, Magistrate Judge Frazier found that Nesbitt did not show good cause or a meritorious defense (Doc. 58).

Judge Frazier found that Plaintiff failed to prove that any Defendant was deliberately indifferent to or displayed callous disregard for his safety and that Plaintiff failed to prove that his prior civil rights lawsuit was the actual motivating factor for defendant's decision to deny him protective custody. Subsequently, Plaintiff and Defendants filed timely objections to the Report and Recommendation (Doc. 83).

After conducting de novo review, the Court adopted Magistrate Judge Frazier's Report as to all Defendants except for Defendant Nesbitt and remanded the case to Magistrate Judge Frazier (Doc. 85).[3] In remanding the case to Magistrate Judge Frazier, the Court noted that Default Judgment had not been entered against Nesbitt and that only an *entry* of default had been entered against Nesbitt. Because the Report was silent as to Nesbitt, the Court remanded the issue to Magistrate Judge Frazier for handling.

Thereafter, on September 7, 2005, Plaintiff moved for a default judgment as to Nesbitt (Doc. 89), which Nesbitt responded to the next day (Doc. 91). On October 18, 2005, pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Judge Frazier submitted a Report and Recommendation ("the Report") recommending that the Court enter default judgment against Nesbitt and award Plaintiff nominal damages of $1.00 (Doc. 92). The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days

---

[3]The Court found that "Plaintiff has offered no evidence that any of the Defendants were aware of a specific threat to his safety. Plaintiff has not demonstrated that Defendants knew that he was in danger and consciously disregarded that risk." (Doc. 85, pg. 8).

of service of the Report. To date, both Plaintiff and Nesbitt filed objections to the Report (Docs. 299 & 300). Therefore, the Court must undertake de novo review.

## II. <u>Analysis</u>[4]

The normal remedy for a default is the entry of judgment for Plaintiff on the issue of liability, reserving only the issue of damages. **Yang v. Hardin, 37 F.3d 282, 286 (7th Cir. 1994)**. While the factual allegations relating to Nesbitt's liability are taken as true, allegations regarding the damages suffered must ordinarily be supported through documents and testimony. **United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989)**.

Defendant Nesbitt argues that since there is no evidence of injury, he cannot be deliberately indifferent to Plaintiff's safety and since there was no constitutional violation default judgment should not be entered.[5] Plaintiff objects to the Report arguing that Magistrate Judge Frazier erroneously awarded Plaintiff only $1.00 in nominal damages because the evidence showed that his injuries were a

---

[4] In its August 25, 2005 Order, the Court set forth the facts established at the evidentiary hearing before Magistrate Judge Frazier. Thus, the Court need not reiterate the facts here as most of the facts do not apply to Plaintiff's claims against Nesbitt.

[5] The Court notes that in a footnote Nesbitt also objects to the Report by merely stating that the Prison Litigation Reform Act, **42 U.S.C. § 1997e(g)**, precludes a default judgment in this matter. However, on September 23, 2002, the Court ordered Defendants to respond to the complaint and not to waive filing a reply under **42 U.S.C. § 1997e(g)** (Doc. 12). **42 U.S.C. § 1997e(g)** provides: "(1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed. (2) The Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."

result of Nesbitt's conduct.

The evidence as to Nesbitt is as follows. On or about May 23, 2000, Nesbitt prepared a packet of information regarding Plaintiff's request for protective custody and voted no as to Plaintiff's request for protective custody. At this time, the committee denied Plaintiff's request for protective custody. On February 13, 2001, Nesbitt voted to approve Plaintiff's subsequent request for protective custody.

Defendant Nesbitt's default clearly warrants the entry of judgment on liability. However, Plaintiff did not present evidence to establish that Nesbitt knew, let alone, intentionally disregarded any substantial risk of harm to Plaintiff's safety. The evidence does not reveal that Nesbitt had any animus towards Plaintiff that would effect his decision not to place him in protective custody. Further, no facts demonstrate Nesbitt's committee vote influenced those who assaulted him. Thus, the Court rejects both Plaintiff and Nesbitt's objections, adopts the Report in its entirety and finds that nominal damages are proper under these circumstances.

### III. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 92). The Court **GRANTS** Plaintiff's motion for default judgment (Doc. 89). The Court **AWARDS** Plaintiff nominal damages in the amount of $1.00. The Court **ORDERS** the Clerk of the Court to enter judgment in favor of Plaintiff Abiodun Sowemimo and against Michael Nesbitt in the amount of $1.00. Further, the Court **ORDERS** the Clerk of the Court to enter judgment in accordance with the Court's March 8, 2004

and August 25, 2005 Orders in favor of Defendants Roger Cowan, Eugene McAdory, Gary Knop, Nancy S. Tucker, Donald Snyder, Joe Harper, Mr. Alison, D. Hasemeyer, Captain Stanley, and C/O Whittenburg and against Plaintiff Abiodun Sowemimo.

**IT IS SO ORDERED.**

Signed this 16th day of November, 2005.

/s/            David RHerndon
**United States District Judge**