IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ABIODUN SOWEMIMO,

Plaintiff,

v.

ROGER COWAN, EUGENE
McADORY, GARY A. KNOP,
NANCY S. TUCKER, DONALD
SNYDER, JOE HARPER,
MICHAEL L. NESBITT, MR. ALISON,
D. HASEMYER, CAPTAIN STANLEY,
and C/O WHITTENBURG[1],

Defendants.                                              No. 01-CV-0255-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Pending before the Court is Sowemimo's motion to extend the time to file notice of appeal (Doc. 99). Based on the following, the Court denies the motion.

Sowemimo is an inmate within the Illinois Department of Corrections that filed suit against the Defendants alleging violations of his civil rights pursuant to **42 U.S.C. § 1983** (Doc. 1).[2] Defendants are employed in various positions with

---

[1] As noted in the Court's past Orders, the record contains a discrepancy as to the correct name of Defendant Whittenburg. The pleadings filed by Defendant use "Whittenburg." The Court assumes that this is the correct name and uses it throughout this Order.

[2] On June 17, 2004, the Court appointed attorney Michael McDonald to represent Sowemimo (Doc. 64).

the IDOC. Sowemimo alleges that his First and Eighth Amendment rights were violated on various occasions at the Menard Correctional Center ("Menard") during the years 2000 and 2001. On November 17, 2005, the Court entered judgment in favor of all Defendants, except Defendant Nesbitt, and against Sowemimo (Doc. 98). Further, the Court entered judgment in favor of Sowemimo and against Defendant Nesbitt in the sum of $1.00.

Under **Federal Rule of Appellate Procedure 4(a)(1)(A)**, a notice of appeal must be filed with the district court within 30 days after judgment has been entered. Here, judgment was entered on November 17, 2005. Therefore, Sowemimo had thirty days from November 17, 2005 to timely file a notice of appeal, which he did not do. Instead on December 27, 2005, Sowemimo's counsel filed this motion to extend the time to file a notice of appeal arguing that he is not admitted to practice before the Seventh Circuit Court of Appeals, that he has applied for admission to practice and that until the Seventh Circuit rules on his application he cannot file pleadings before the Seventh Circuit.

Rule 4(a)(5) of the Federal Rules of Appellate Procedure states:

The district court may extend the time to file a notice of appeal if:
(a) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(b) that party shows excusable neglect or good cause.

**Fed. R. App. P. 4(a)(5)**.

Here, Sowemimo's counsel has moved within the 30 days after the time prescribed by Rule 4(a) expires. Thus, the question is whether Sowemimo's counsel

has established excusable neglect.[3]

Whether attorney negligence may constitute excusable neglect in missing a deadline is a matter of discretion for the trial judge. **See Robb v. Norfolk & W. R.R., 122 F.3d 354, 359 (7th Cir. 1997)**. The Supreme Court has held that " 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." **Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993)**. **Pioneer** did not involve an issue of "excusable neglect" under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. However, the Seventh Circuit, in **Prizevoits**, considered the Supreme Court's ruling in **Pioneer** and noted that "the term [excusable neglect] bears the same or similar meaning throughout the federal procedural domain." **Prizevoits, 76 F.3d at 134**. The Seventh Circuit has specifically acknowledged that "'excusable neglect' has a new and broader meaning in the aftermath of the Supreme Court's [decision in *Pioneer* ]." **Robb, 122 F.3d at 361-62**.

This Court recognizes, therefore, that negligence on the part of an attorney can be "excusable neglect." However, all negligent late filings are not automatically considered "excusable neglect." **See Robb**, **122 F.3d at 362**. "An unaccountable lapse is not excusable neglect." **Prizevoits, 76 F.3d at 133**. In **Prizevoits**, the Seventh Circuit found no excusable neglect where "the rule is crystal

---

[3]"As the Committee Note to the 1991 amendment explains, 'good cause' was added to take care of the situation in which the appellant asks for the extension before the original 30 days are up. That of course is not this case, so the district judge should not have used the standard of good cause." **Prizevoits v. Indiana Bell Telephone Co., 76 F.3d 132, 133 (7th Cir. 1996)**.

clear, the error egregious, [and] the excuses so thin as to leave the lapse not only unexcused but inexplicable." ***Prizevoits***, **76 F.3d at 134.**

The Court concludes, in the exercise of its discretion, that Sowemimo's counsel's failure to file a notice of appeal within 30 days of this Court's November 17, 2005 Judgment was not due to "excusable neglect." The Judgment was clear, and, under the applicable federal rules, a timely notice of appeal was obviously necessary to preserve Sowemimo's appeal rights. The fact that counsel was not admitted to practice in the Seventh Circuit should not have precluded him from filing the Notice of Appeal with *this* Court. This reason simply cannot excuse the failure to file a notice of appeal. In short, the Court does not consider the explanations provided by Sowemimo's counsel to be excusable. **See *Prizevoits*, 76 F.3d at 134**.

Accordingly, the Court **DENIES** Sowemimo's motion to extend the time to file notice of appeal (Doc. 99).

**IT IS SO ORDERED.**

Signed this 29th day of December, 2005.

/s/        David RHerndon
**United States District Judge**
